**IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE**

**IN AND FOR SUSSEX COUNTY**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. CPU6-13-000334 |
| | ) | |
| | ) | |
| | ) | |
| LINDA M. KELLY, | ) | |
| | ) | |
| Defendant, | ) | |

Submitted February 19, 2014
Decided April 7, 2014

Seth H. Yeager, Esquire, Attorney for Plaintiff
Defendant Linda M. Kelly, *pro se*

### DECISION ON APPEAL FROM COMMISSIONER'S RECOMMENDATION

Capital One Bank (USA), N.A., (hereinafter "Plaintiff") appeals the Commissioner's Proposed Findings of Fact and Recommendation (hereinafter "Recommendation") on its Motion for Summary Judgment in favor of Linda M. Kelly (hereinafter "Defendant"). Following a careful review of the record and submissions by the parties, the Court rejects the Commissioner's Recommendation for the reasons set forth herein.

## Procedural History

Plaintiff initiated the above-docketed breach of contract action against Defendant, on April 1, 2013, seeking to collect a credit card debt in the principal amount of $6,716.21.[1] On May, 28, 2013, Defendant filed an Answer generally denying the debt with attached exhibits.

On July 11, 2013, Plaintiff filed its Motion for Summary Judgment. The hearing was initially scheduled for September 5, 2013. Defendant was promptly mailed notice thereof. On August 4, 2013, the Court requested a continuance on the matter.[2] On September 10, 2013, Defendant was noticed of the rescheduled motion. Despite the advanced notice of nearly two months, Defendant failed to attend the November 7, 2013 motion hearing. Additionally, Defendant failed to contact the Court regarding her absence or otherwise respond to Plaintiff's motion.

At the November 7, 2013 hearing, Plaintiff argued the merits of the summary judgment motion in lieu of requesting a judgment for default which the Court would have entertained. Thereupon, Commissioner reserved decision. Two months later, on January 13, 2014, the Commissioner issued a report recommending that Plaintiff's Motion for Summary Judgment be denied. Plaintiff filed its timely appeal of the

---

[1] It should be noted that Plaintiff's caption does not comply with our Court's guidelines as promulgated in Administrative Directive 2012-2. Defendant has not raised this issue, and the Court will not address it, *sua sponte*, at this stage in the proceedings.

[2] Per the docket, Defendant was notified of the continuance by phone.

Commissioner's Recommendation on January 22, 2014. Defendant has not responded to the appeal.

## Standard of Review

Summary judgment is a case-dispositive determination. When reviewing a commissioner's recommendation on a case-dispositive determination, the judge reviews the decision *de novo.* A judge may accept, reject, or modify in whole or in part the findings or recommendations made by a commissioner.[3]

## Discussion

In reviewing a motion for summary judgment: the court must be mindful; the court should proceed with caution; and the court "may [ ] deny summary judgment in a case where there is a reason to believe that the better course would be to proceed to a full trial."[4] Herein, there is no reason to conclude that proceeding to a full trial is the better course.

Court of Common Pleas Civil Rule 56(c) states, in pertinent part, that,"[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[5]

---

[3] Ct. Com. Pl. Civ. R. 112(A)(4)(iv).
[4] *Cerberus Int'l, Ltd. v. Apollo Mgmt., L.P.*, 794 A.2d 1141, 1150 (Del. 2002).
[5] *Id*.

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. [6] In the case *sub judice*, Plaintiff's motion is properly supported by competent and admissible evidence. Plaintiff's notarized affidavit swears to Defendant's default and the amount in controversy. The account statements evidence the sum claimed and account delinquency. The Capital One Customer Agreement evidences the parties' contract. Moreover, the certification of the motion by Plaintiff's attorney attests to the veracity of his client's claim.[7] Based on these filings, the Court finds that Plaintiff has met its initial burden.

Such a showing by the moving party does not end the Court's inquiry. Rather, if the moving party's motion is properly supported, as it is here, the burden shifts to the non-moving or adverse party to demonstrate a genuine issue of material fact.[8] Court of Common Pleas Rule 56(c) states, in pertinent part, that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavit or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not

[6] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

[7] The Court finds the Superior Court's decision, *In re Asbestos Litigation*, 1994 WL 721774 (November 4, 1994) (Gebelein, J.), to be instructive on this matter. "By the certification of defendant's attorney, the Court holds that defendant-movant has 'pointed out' to the Court the non-existence of a genuine issue for trial. The Court has little cause to doubt the certification made by counsel. He is an officer of the court and as such, charged with the duty of candor to the Court. If a certification is made in bad faith, the Court may, *sua sponte* or upon motion by the adverse party, impose sanctions against the attorney." *Id*. at *2.

[8] *Moore*, 405 A.2d at 680.

so respond, summary judgment, if appropriate, shall be entered against the adverse party."[9]

It bears repeating that Defendant, who bore the burden, failed to respond to the motion. Further, Defendant failed to attend the motion hearing, failed to contact the Court regarding her absence and failed to respond to Plaintiff's appeal. Based upon Defendant's apparent refusal to defend herself in this action, the Court is inclined to find that Defendant has abandoned her defense and to consider the facts as stated in Plaintiff's motion as undisputed.[10]

Nevertheless, the Court will review Defendant's only submission to the Court to ensure that no genuine issue of material fact exists. Defendant's May 28, 2013 Answer to the Complaint generally denies the claim. Attached to the Answer are six exhibits which Defendant did not support with any argument or explanation as to how or why the documents are relevant.[11]

---

[9] *Id*.

[10] The Court notes that pursuant to the federal summary judgment rule, "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may…consider the fact undisputed for purposes of the motion [and] grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

[11] Defendant's exhibits include the following documents:

1. Defendant's paystub for the pay period ending January 29, 2011. In her list of exhibits Defendant identifies this as her "last paycheck";
2. Capital One statement showing payment for protection plan dated January 21, 2012;
3. Letter to Defendant denying request for coverage under the payment plan dated March 15, 2012;
4. Permanent Disability Benefit Activation Form dated December 15, 2012;

In viewing the exhibits in the light most favorable to Defendant, the Court *infers* that upon filing her Answer, Defendant believed that she was entitled to coverage under a payment protection plan which would make payments on the account in the event of unemployment or disability. The record reflects that Defendant applied for coverage under the plan twice and was denied both times.[12] Defendant's first application for protection was denied because the date of loss pre-dated her purchase of the protection plan.[13] As to her second application for benefits, Defendant was denied because the protection plan lapsed when her account became delinquent.[14]

Defendant's exhibits show that she paid for and, then, applied for payment protection under conditions that were outside the protection plan. Although this occurrence may confuse or frustrate the Defendant, it by no means demonstrates the need for a trial. Moreover, the Court will not draw unreasonable or unfounded inferences from the evidence in favor of the Defendant.[15]

---

5. Letter to Defendant denying request for coverage under the payment plan dated January 23, 2013; and
6. The Payment Protection Agreement between the parties.

[12] *See* Defendant's Exhibits "3" and "5".

[13] Defendant became unemployed a full year before the protection plan was in effect. *See* Defendant's Exhibits "1" and "3".

[14] The protection plan policy lapsed after Defendant failed to make payment on her account for several months. *See* Defendant's Exhibits "4" and "5"; *See also* Exhibit "B" of Plaintiff's Motion for Summary Judgment, dated July 11, 2013.

[15] "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party…If the evidence is *merely colorable, or is not significantly probative*, summary judgment may be granted. We similarly have explained that we will not draw "unreasonable inferences" in the nonmoving party's favor. *Health Solutions Network, LLC v. Grigorov*, 12 A.3d 1154 (Del. 2011)(citations and quotations omitted).

While the Court appreciates the challenges that Defendant faces in representing herself in this action, those challenges are far from insurmountable and cannot justify Defendant's failure to participate in the litigation process. "All judges are sympathetic to the problems faced by *pro se* litigants. But the problems and perils faced by *pro se* litigants [do] not mean that a separate set of rules should be applied when a person is not represented by an attorney."[16]

Upon *de novo* review, the Court finds that the record demonstrates that no genuine issue of material fact exists and Plaintiff is entitled to summary judgment as a matter of law. Therefore, Plaintiff's Appeal from Commissioner's Findings of Fact and Recommendation is **GRANTED**. Plaintiff is awarded its full damage claim of $6,716.21 and post-judgment interest at the legal rate.

**IT IS SO ORDERED** this 7th day of April, 2014.

_____
The Honorable Rosemary B. Beauregard

---

[16] *LaBarge v. Hensley*, 2006 WL 306925 (Del. Super. 2006).